UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No. 3:15-cr-132-2(VLB) |
| v. | : | |
| | : | |
| DEBORAH MILLER | : | May 26, 2020 |
| Defendant. | : | |

## ORDER CONCERNING DEFENDANT DEBORAH MILLER'S PRO SE MOTION FOR COMPASSIONATE RELEASE

ORDER docketing *pro se* motion from Defendant Deborah Miller seeking release from custody. The Court interprets the motion to seek re-sentencing for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as Defendant seeks immediate release from custody and a sentence of time served because of her medical vulnerability to severe complications or death if she contracts COVID-19.

Defendant's motion states that she is in the chronic care unit of FMC Carswell and is receiving, *inter alia*, 24-hour oxygen treatment. The Court notes that, at the time of sentencing, Defendant was diagnosed with chronic obstructive pulmonary disease, emphysema, and asthma. [Dkt. 151 (PSR) ¶ 76]. The Bureau of Prison's Inmate Tracker states that Defendant is scheduled for release on August 21, 2020. *See Fed. Bureau of Prisons*, Inmate Locator Service, BoP inmate no. 22940-014, available at https://www.bop.gov/inmateloc/. *See Vera v. United States*, No. 3:11-CV-00864-VAB, 2017 WL 3081666, at *3, n. 2 (D. Conn. July 19, 2017) (taking judicial notice of the inmate locator search).

To the extent Defendant's motion challenges the Bureau of Prison's computation of her sentence, the Court lacks jurisdiction to review the claim. The proper vehicle for challenging the execution of a sentence is a petition for writ of habeas corpus pursuant to § 2241. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, *computation of a prisoner's sentence by prison officials*, prison disciplinary actions, prison transfers, type of detention and prison conditions.")(emphasis added). The habeas jurisdictional statute, 28 U.S.C. § 2241(a), provides that "[w]rits of habeas corpus may be granted by... the district courts... within their respective jurisdictions." This language requires the Court to have jurisdiction over a petitioner's custodian, which in this case is the warden of FMC Carswell, located in the Northern District of Texas. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *See Fed. Bureau of Prisons*, FMC Carswell, available at https://www.bop.gov/locations/institutions/crw/. Therefore, to the extent Defendant's motion challenges the computation of her sentence, the motion is denied for lack of jurisdiction.

In order to expedite the Court's consideration of Defendant's motion for compassionate release, the Government is directed to respond to Defendant's motion within seven (7) days and address whether it is opposed to Defendant's release. Defendant's motion states that she has requested relief from prison officials but has not received a response. The Government's response shall

address: (1) whether Defendant requested the BOP to move for compassionate release on her behalf, (2) the status of any administrative request for compassionate release, if any, and (3) whether the BOP intends to move for compassionate release on Defendant's behalf.

The Clerk shall mail a copy of this Order to the Defendant.

                                IT IS SO ORDERED

                                _____/s/_____

                                **Hon. Vanessa L. Bryant**
                                **United States District Judge**

**Dated at Hartford, Connecticut: May 26, 2020**